UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AUGUST LOUIS WOLF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:18-cv-01180-LO-TCB |
| | ) | |
| SAMANTHA MENH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS
COMPLAINT AND/OR COMPEL ARBITRATION**

Defendant Samantha Menh ("Menh"), by and through her undersigned attorneys, Thomas W. Mitchell, Mitchell Firm, PLLC, and Gary Phelan, Mitchell & Sheahan, PC, and pursuant to Rules 12(b)(2), Rule 12(b)(3) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Civil Rule 7, moves the Court for entry of an order dismissing the action filed by Plaintiff August Wolf ("Wolf") and/or compelling arbitration for the following reasons, all of which are more fully explained in the memorandum of law and exhibits filed herewith:

1.  There is no personal jurisdiction over Menh, as neither she nor Wolf has ever lived or worked in Virginia, and Wolf's claims do not arise from events that occurred in Virginia.  Rather, Wolf's claims arise from the allegations of a lawsuit that Menh filed in Connecticut which relates to Wolf's sexual harassment of her in Connecticut during his failed U.S. Senate campaign there between March-May 2016, while Menh worked for him.

2.  Wolf is subject to an employment contract in which he required that "any dispute" with Menh be resolved in arbitration in Connecticut.  In her pending sexual harassment lawsuit filed in Connecticut, <u>Samantha Menh v. August Wolf and August Wolf for Senate Campaign</u>, Docket No. FST-CV-6028725-S (Superior Court, Judicial District of Stamford-Norwalk at

Stamford), the Connecticut Superior Court has already entered two orders compelling Menh and Wolf to file any claims in arbitration based on that employment contract. Under the law of the case doctrine, the orders granting arbitration should be followed. Therefore, Wolf's claims can only be filed in arbitration in Connecticut.

3. Menh has absolute immunity to Wolf's claims for defamation, tortious interference and common law conspiracy because they arise from the public allegations contained in her pleadings in the Connecticut litigation. Under both Virginia and Connecticut common law, statements made by a party in connection with pending or prospective litigation are absolutely privileged, and may not serve as the basis for <u>any</u> civil liability, even if the party makes the statements maliciously and with knowledge that they are false.

4. Wolf's defamation and tortious interference claims are barred by the applicable one and two-year statutes of limitations, respectively, under Virginia and Connecticut law.

5. Virginia is not a proper venue for this case. The only proper venue is the Connecticut arbitration.

WHEREFORE, the Defendant, Samantha Menh, respectfully requests that this Court dismiss the action and/or compel arbitration.

December 11, 2018                                       Respectfully submitted,

                                                               MITCHELL FIRM, PLLC

By: _____/s/_____
Thomas W. Mitchell, Esq. (VSB 29871)
4800 Hampden Lane, Suite 200
Bethesda, MD  20184
(240) 482-4847
(240) 482-3759 (fax)
tmitchell@themitchellfirmpc.com

              and

Gary Phelan, Esq.
MITCHELL & SHEAHAN, P.C.
80 Ferry Blvd., Suite 216
Stratford, CT 06615
(203) 873-0240
(203) 873-0235 fax
gphelan@mitchellandsheahan.com

Attorneys for Defendant Samantha Menh

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 11, 2018, a true and correct copy of the foregoing DEFENDANT'S MOTION TO DISMISS COMPLAINT AND/OR COMPEL ARBITRATION was filed with the Clerk of the Court electronically and served electronically via the Court's CM/ECF system on the following counsel of record:

    Steven S. Bliss, Esq.
    300 West Main Street, Suite 102
    Charlottesville, VA 22903


            _____/s/_____
            Thomas W. Mitchell